IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal Case No. 2:06-cr-200-CSC |
| | ) | |
| ROSA E. RINCON | ) | |

**<u>MOTION TO SEVER</u>**

COMES NOW Defendant, by and through counsel, and prays that this Court will Sever her trial from that of Hector Silva, and in support of which would show as follows:

Ms. Rincon expects the evidence at trial to show that she was a passenger in a pickup truck being driven by Mr. Silva; that the truck was stopped, purportedly for a traffic violation; that the truck was searched by two or more State Troopers; and that a quantity of cocaine was located in the bed of the truck.

Ms. Rincon has pleaded not guilty to the charges, but does not expect to testify at the trial of this cause.

Ms. Rincon is mindful of the needs for judicial economy and the efficient administration of judgment; however, joinder of her case with Mr. Silva's would violate one or more of her substantive rights, to wit: unavailability of full cross-examination and denial of her Sixth Amendment confrontation rights.  Moreover, Ms. Rincon asserts that the admission of evidence as against Mr. Silva would presumptively prejudice her rights to a fair trial to the point of denying her a fundamentally fair trial.

This is a case in which a joint trial would prevent Ms. Rincon from calling Mr. Silva to the stand because he would doubtless invoke his privilege against self-incrimination.  In this case, the Court should grant a severance to allow Mr. Silva's exculpatory testimony to be

adduced at a severed trial. *U.S. v. Echeles*, 352 F.2d 892, 897 (7th Cir. 1965). To that end, Ms. Rincon asserts that she would call Mr. Silva at a separate trial, that Mr. Silva would testify, and that the testimony would be substantially exculpatory. Ms. Rincon asserts that Mr. Silva would testify that there was no objective reason that Ms. Rincon would have known of the existence of any controlled substances in the bed of the vehicle. *U.S. v. Leichtman*, 742 F.2d 598, 605 (11th Cir. 1984).

Joinder of Ms. Rincon's case with Mr. Silva's would result in actual prejudice to Ms. Rincon.

WHEREFORE, Defendant Rincon prays that the Court will sever her trial from that of Mr. Silva.

RESPECTFULLY SUBMITTED, this __22nd__ day of September, 2006.

/s/ JAY LEWIS
Law Offices of Jay Lewis, L.L.C.
P.O. Box 5059
Montgomery, Alabama 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J
Attorney for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on the _22nd_ day of September, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

Terry Moorer
Office of the United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104

                                              /s/ JAY LEWIS
Law Offices of Jay Lewis, L.L.C.
P.O. Box 5059
Montgomery, Alabama 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J
Attorney for Defendant