**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Criminal Case No. 2:06-cr-200-CSC** |
| | ) | |
| **ROSA E. RINCON** | ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS**

COMES NOW Defendant, by and through counsel, and prays that this Court will grant her leave to file two additional motions *in limine* and, as grounds for which, would show the Court as follows:

Pretrial motions under Rule 12(b) were due no later than Friday, September 22, 2006. While the weight of counsel's workload would not ordinarily be justification for praying for leave to file out of time, Defendant Rincon's counsel had an extraordinary amount of work before this Court on September 21st and 22nd, including no fewer than four pretrial conferences on those dates. While counsel did manage to file his first motion *in limine* before the deadline, he was unable to complete two additional ones.

The two additional motions are simple matters having to do with expected expert testimony on the part of government agents, and they should not occupy very much of the Court's time before being granted.[1]

Defendant Rincon does not anticipate that the granting of this motion for leave would prejudice the government in any way, coming only one day after the deadline, and that on a weekend day.

---

[1] ...or denied, or ruling deferred, as the case may be.

Because this motion is being prepared on a Saturday, counsel has been unable to confer

with the government to determine whether there is any opposition to it.

The motions sought to be filed are attached hereto.

WHEREFORE, the premises considered, Defendant Rincon prays that the Court will

grant her leave to file her second and third motions in limine out of time.

RESPECTFULLY SUBMITTED, this __23rd__ day of September, 2006.

> /s/ JAY LEWIS
> Law Offices of Jay Lewis, L.L.C.
> P.O. Box 5059
> Montgomery, Alabama 36103
> (334) 263-7733 (Voice)
> (334) 832-4390 (Fax)
> J-Lewis@JayLewisLaw.com
> ASB-2014-E66J
> Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the _23rd_ day of September, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

Terry Moorer
Office of the United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104

> /s/ JAY LEWIS
> Law Offices of Jay Lewis, L.L.C.
> P.O. Box 5059
> Montgomery, Alabama 36103
> (334) 263-7733 (Voice)
> (334) 832-4390 (Fax)
> J-Lewis@JayLewisLaw.com
> ASB-2014-E66J
> Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Criminal Case No. 2:06-cr-200-CSC** |
| | ) | |
| **ROSA E. RINCON** | ) | |

**DEFENDANT'S SECOND MOTION *IN LIMINE***

COMES NOW Defendant, by and through counsel, and prays that this Court will Order

*in limine* that the government refrain from arguing, eliciting testimony, or offering evidence of

any sort – particularly "expert" testimony – as to what Defendant Rincon knew about the

purported cargo of the vehicle in which she was riding at the time of the events giving rise to this

criminal action.

Defendant Rincon fully expects that the government will attempt to introduce "expert"

testimony from government agents about the activities of drug trafficking enterprises and about

the usual behavior of the participants of such enterprises.  Specifically, Defendant Rincon

suspects that the government will attempt to elicit testimony to the effect that drug trafficking

organizations do not employ "blind mules," i.e., persons who do not know that they are

transporting drugs.

Such testimony would necessarily imply a certain mental state of Defendant Rincon – that

she knew that there were drugs in the bed of the pickup truck in which she was riding – and that

would run afoul of Rule 704(b), F.R.Evid., which provides that, "[n]o expert witness testifying

with respect to the mental state or condition of a defendant in a criminal case may state an

opinion or inference as to whether the defendant did or did not have the mental state or condition

constituting an element fo the crime charged or of a defense thereto.  Such issues are for the trier of fact alone."

Testimony as to the "usual" practices of drug traffickers will necessarily imply that Defendant Rincon had the requisite mental state for the commission of the crime at issue here, in direct contravention of the strictures of Rule 704(b).

WHEREFORE, the premises considered, Defendant prays that the Court will order in limine that the government be prohibited from offering or alluding to such evidence in any way or by any means, and that the government be directed to instruct its witnesses that they not refer in any way, either directly or by implication, to the mental status of Defendant Rincon.

RESPECTFULLY SUBMITTED, this __23rd__ day of September, 2006.

/s/ JAY LEWIS
Law Offices of Jay Lewis, L.L.C.
P.O. Box 5059
Montgomery, Alabama 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the _23rd_ day of September, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

Terry Moorer
Office of the United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104

/s/ JAY LEWIS
Law Offices of Jay Lewis, L.L.C.
P.O. Box 5059
Montgomery, Alabama 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J
Attorney for Defendant

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal Case No. 2:06-cr-200-CSC |
| | ) | |
| ROSA E. RINCON | ) | |

### DEFENDANT'S THIRD MOTION *IN LIMINE*

COMES NOW Defendant, by and through counsel, and prays that this Court will Order

*in limine* that the government refrain from arguing, eliciting testimony, or offering evidence of

any sort – particularly "expert" testimony – as to "drug courier profiles," i.e., the possession of

cellular telephones, mode of dress, demeanor, and so forth, that would tend to establish that

Defendant Rincon "fit the profile" of a drug courier.

Such testimony would be inherently prejudicial and admissible only in limited

circumstances, such as to establish reasonable suspicion for a *Terry* stop.  As the Court of

Appeals for the Eleventh Circuit has held:

> There is no doubt that most circuits have concluded that the use of drug courier
> profiles to establish reasonable suspicion should be viewed critically. See *United
> States v. Berry*, 636 F.2d 1075 (5th Cir. Unit B 1981). We concur in this
> conclusion. Drug courier profiles are inherently prejudicial because of the
> potential they have for including innocent citizens as profiled drug couriers.
> Generally, the admission of this evidence is nothing more than the introduction of
> the investigative techniques of law enforcement officers. Every defendant has a
> right to be tried based on the evidence against him or her, not on the techniques
> utilized by law enforcement officers in investigating criminal activity. Drug
> courier profile evidence is nothing more than the opinion of those officers
> conducting an investigation. Although this information is valuable in helping drug
> agents to identify potential drug couriers, we denounce the use of this type of
> evidence as substantive evidence of a defendant's innocence or guilt. See *United
> States v. Hall*, 653 F.2d 1002 (5th Cir. Unit A 1981); *United States v. Berry*, 636
> F.2d 1075 (5th Cir. Unit B 1981).

*U.S. v. Hernandez-Cuartas*,  717 F.2d 552, 555 (11th Cir.,1983).

Defendant Rincon fully expects that the government will attempt to introduce "expert" testimony from government agents about the personal characteristics of drug traffickers, and that such testimony will be carefully tailored to focus on any characteristics that Ms. Rincon may share with drug traffickers.

Defendant Rincon has the right to expect that she will be tried on what SHE may or may not have done, not on what persons who may share some of her personal characteristics may have done.  Proceeding from the general to the specific in this instance would be harshly prejudicial and would violate Ms. Rincon's Sixth Amendment right to a fundamentally fair trial by saddling her with the sins of persons she might resemble in some superficial way.

WHEREFORE, the premises considered, Defendant prays that the Court will order in limine that the government be prohibited from offering or alluding to such evidence in any way or by any means, and that the government be directed to instruct its witnesses that they not refer in any way, either directly or by implication, to their opinion that Defendant Rincon fits the "profile" of a drug trafficker or drug courier.

RESPECTFULLY SUBMITTED, this __23[rd]__ day of September, 2006.

/s/ JAY LEWIS
Law Offices of Jay Lewis, L.L.C.
P.O. Box 5059
Montgomery, Alabama 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on the _23rd_ day of September, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

Terry Moorer
Office of the United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104

/s/ JAY LEWIS
Law Offices of Jay Lewis, L.L.C.
P.O. Box 5059
Montgomery, Alabama 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J
Attorney for Defendant