IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal Case No. 2:06-cr-200-CSC |
| | ) | |
| ROSA E. RINCON | ) | |

**DEFENDANT'S SECOND MOTION *IN LIMINE*** 

COMES NOW Defendant, by and through counsel, and prays that this Court will Order *in limine* that the government refrain from arguing, eliciting testimony, or offering evidence of any sort – particularly "expert" testimony – as to what Defendant Rincon knew about the purported cargo of the vehicle in which she was riding at the time of the events giving rise to this criminal action.

Defendant Rincon fully expects that the government will attempt to introduce "expert" testimony from government agents about the activities of drug trafficking enterprises and about the usual behavior of the participants of such enterprises. Specifically, Defendant Rincon suspects that the government will attempt to elicit testimony to the effect that drug trafficking organizations do not employ "blind mules," i.e., persons who do not know that they are transporting drugs.

Such testimony would necessarily imply a certain mental state of Defendant Rincon – that she knew that there were drugs in the bed of the pickup truck in which she was riding – and that would run afoul of Rule 704(b), F.R.Evid., which provides that, "[n]o expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition

constituting an element fo the crime charged or of a defense thereto.  Such issues are for the trier of fact alone."

Testimony as to the "usual" practices of drug traffickers will necessarily imply that Defendant Rincon had the requisite mental state for the commission of the crime at issue here, in direct contravention of the strictures of Rule 704(b).

WHEREFORE, the premises considered, Defendant prays that the Court will order in limine that the government be prohibited from offering or alluding to such evidence in any way or by any means, and that the government be directed to instruct its witnesses that they not refer in any way, either directly or by implication, to the mental status of Defendant Rincon.

RESPECTFULLY SUBMITTED, this __23rd__ day of September, 2006.

/s/ JAY LEWIS
Law Offices of Jay Lewis, L.L.C.
P.O. Box 5059
Montgomery, Alabama 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J
Attorney for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on the _23rd_ day of September, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

Terry Moorer
Office of the United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104

                                              /s/ JAY LEWIS
                                              Law Offices of Jay Lewis, L.L.C.
                                              P.O. Box 5059
                                              Montgomery, Alabama 36103
                                              (334) 263-7733 (Voice)
                                              (334) 832-4390 (Fax)
                                              J-Lewis@JayLewisLaw.com
                                              ASB-2014-E66J
                                              Attorney for Defendant