IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal Case No. 2:06-cr-200-CSC |
| | ) | |
| ROSA E. RINCON | ) | |

**DEFENDANT'S THIRD MOTION *IN LIMINE***

COMES NOW Defendant, by and through counsel, and prays that this Court will Order *in limine* that the government refrain from arguing, eliciting testimony, or offering evidence of any sort – particularly "expert" testimony – as to "drug courier profiles," i.e., the possession of cellular telephones, mode of dress, demeanor, and so forth, that would tend to establish that Defendant Rincon "fit the profile" of a drug courier.

Such testimony would be inherently prejudicial and admissible only in limited circumstances, such as to establish reasonable suspicion for a *Terry* stop.  As the Court of Appeals for the Eleventh Circuit has held:

> There is no doubt that most circuits have concluded that the use of drug courier profiles to establish reasonable suspicion should be viewed critically. See *United States v. Berry*, 636 F.2d 1075 (5th Cir. Unit B 1981). We concur in this conclusion. Drug courier profiles are inherently prejudicial because of the potential they have for including innocent citizens as profiled drug couriers. Generally, the admission of this evidence is nothing more than the introduction of the investigative techniques of law enforcement officers. Every defendant has a right to be tried based on the evidence against him or her, not on the techniques utilized by law enforcement officers in investigating criminal activity. Drug courier profile evidence is nothing more than the opinion of those officers conducting an investigation. Although this information is valuable in helping drug agents to identify potential drug couriers, we denounce the use of this type of evidence as substantive evidence of a defendant's innocence or guilt. See *United States v. Hall*, 653 F.2d 1002 (5th Cir. Unit A 1981); *United States v. Berry*, 636 F.2d 1075 (5th Cir. Unit B 1981).

*U.S. v. Hernandez-Cuartas*, 717 F.2d 552, 555 (11th Cir.,1983).

Defendant Rincon fully expects that the government will attempt to introduce "expert" testimony from government agents about the personal characteristics of drug traffickers, and that such testimony will be carefully tailored to focus on any characteristics that Ms. Rincon may share with drug traffickers.

Defendant Rincon has the right to expect that she will be tried on what SHE may or may not have done, not on what persons who may share some of her personal characteristics may have done. Proceeding from the general to the specific in this instance would be harshly prejudicial and would violate Ms. Rincon's Sixth Amendment right to a fundamentally fair trial by saddling her with the sins of persons she might resemble in some superficial way.

WHEREFORE, the premises considered, Defendant prays that the Court will order in limine that the government be prohibited from offering or alluding to such evidence in any way or by any means, and that the government be directed to instruct its witnesses that they not refer in any way, either directly or by implication, to their opinion that Defendant Rincon fits the "profile" of a drug trafficker or drug courier.

RESPECTFULLY SUBMITTED, this __23rd__ day of September, 2006.

/s/ JAY LEWIS
Law Offices of Jay Lewis, L.L.C.
P.O. Box 5059
Montgomery, Alabama 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J
Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on the _23rd_ day of September, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

Terry Moorer
Office of the United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104

                                            /s/ JAY LEWIS
Law Offices of Jay Lewis, L.L.C.
P.O. Box 5059
Montgomery, Alabama 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J
Attorney for Defendant