IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:06-cr-200-WHA-CSC |
| | ) | |
| ROSA RINCON | ) | |
| | ) | |
| | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT RINCON'S MOTION TO SEVER**

COMES NOW the United States of America, by and through its attorney, Leura G. Canary, United States Attorney, and responds to Defendant/Movant Rosa Rincon's Motion To Sever trial as follows:

### I. FACTUAL BACKGROUND

1. On or about July 13, 2006, Defendant Rosa Rincon ("Rincon") was a passenger in a truck driven by her co-defendant Hector Silva ("Silva"). While traveling from Texas to Atlanta through the Middle District of Alabama, the vehicle was stopped by an Alabama State Trooper for a traffic violation. The traffic stop resulted in a search of the vehicle whereupon the officers discovered approximately 10 (ten) kilograms of cocaine in a cabinet in the bed of the truck.

2. Rincon and Silva were charged in a single indictment by a grand jury for the Middle District of Alabama on August 15, 2006. (Doc. # 30.) The indictment alleges that the defendants did knowingly and intentionally possess and possess with intent to distribute approximately 10 (ten) kilograms of cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1).

### II. RINCON'S MOTION TO SEVER

3. Rincon has filed a motion to sever her trial from that of Silva. (Doc. #44.) Rincon

asserts the admission of evidence against Silva would presumptively prejudice her rights to a fair trial.

4.  Rincon also asserts that, if tried separately, Silva would provide exculpatory testimony on her behalf. Rincon submits that Silva would testify there was no objective reason that she would have known cocaine was hidden in the cabinet in the bed of the truck.

### III. LEGAL STANDARD AND ANALYSIS

5.  It is the general rule in this Circuit that "persons who are charged together should be tried together." United States v. Adams, 1 F.3d 1566, 1578 (11th Cir. 1993). However, where "the joinder of offenses or defendants in an indictment . . . for trial appears to prejudice a defendant. . . the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a) (emphasis added.)

6.  The United States Court of Appeals for the Eleventh Circuit has a well-established framework for analyzing a motion to sever based on a claimed need for a co-defendant's testimony. A defendant arguing for a severance must demonstrate: (1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the co-defendant would testify at a separate trial. United States v. Baker, 432 F.3d 1189, 1239 (11th Cir. 2005) citing United States v. Cobb, 185 F.3d 1193, 1197 (11th Cir. 1999). See also United States v. Leichtman, 742 F.2d 598, 605 (11th Cir. 1984). After a defendant establishes each of these four elements, a district court must still (1) examine the significance of the testimony in relation to the defendant's theory of the case; (2) assess the extent of prejudice caused by the absence of the testimony; (3) consider judicial administration and economy; and (4) give weight to the timeliness of the motion. Id. See also United States v. Machado, 804 F.2d 1537, 1544 (11th Cir.

1986).

7.  In United States v. Novaton, 271 F.3d 968, 990 (11th Cir. 2001), the Eleventh Circuit instructed that district courts should only grant severance where "statements concerning the testimony that would become available by severing trials must be specific and exonerative, rather than conclusory or self-serving . . . ." This standard was reaffirmed by the Court in United States v. Baker, id. at 1240.

8.  Rincon's motion to sever does not meet the standard set forth by the Eleventh Circuit in the above-cited cases, and must therefore be denied on this ground without further analysis. Although she has explained how Silva's potential testimony could show that she did not knowingly possess 10 (ten) kilograms of cocaine, she has not shown that Silva would in fact testify as she represents, or that he would actually do so at her trial. Proof that a co-defendant would actually testify is an essential element for severance that has not been satisfied. Leichtman, id.

9.  Finally, Rincon's argument that a separate trial is necessary because Silva would testify at a separate trial to avoid incriminating himself at his own trial. Her rationale runs contrary to the Eleventh Circuit's holding that a co-defendant such as Silva cannot condition his offer to testify on the order of trials, or condition the offer upon being removed from jeopardy. Cobb, id. at 1198. If Silva testified at Rincon's trial that he knew of the cocaine and she did not, his sworn testimony would be relevant in proceedings against him, including trial, and if convicted, sentencing.

10. Rincon has not shown that Silva would testify at her trial, or proffered the substance of his testimony. She has therefore failed to meet the standard for severance based on the need for a co-defendant's testimony. Her motion to sever trial should be denied.

### III.  CONCLUSION

For the above reasons, the motion to sever trial is without merit and should be denied.

Respectfully submitted this 29th day of September, 2006.

        Respectfully submitted,

        LEURA G. CANARY
        UNITED STATES ATTORNEY


        /s/ Terry F. Moorer
        TERRY F. MOORER
        Assistant United States Attorney
        Post Office Box 197
        Montgomery, Alabama 36101-0197
        (334) 223-7280
        (334) 223-7135 fax
        terry.moorer@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CASE NO. 2:06-cr-200-WHA-CSC |
| ) | |
| ROSA RINCON ) | |
| ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jay Lewis.

        Respectfully submitted,

        LEURA G. CANARY
        UNITED STATES ATTORNEY


        /s/ Terry F. Moorer
        TERRY F. MOORER
        Assistant United States Attorney
        Post Office Box 197
        Montgomery, Alabama 36101-0197
        (334) 223-7280
        (334) 223-7135 fax
        terry.moorer@usdoj.gov