IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:06-cr-200-WHA-CSC |
| | ) | |
| ROSA RINCON | ) | |
| | ) | |
| | ) | |

**UNITED STATES' RESPONSE TO MOTION IN LIMINE**

COMES NOW the United States of America, by and through its attorney, Leura G. Canary, United States Attorney, and responds to Defendant/Movant Rosa Rincon's Motion In Limine as follows:

**I. FACTUAL BACKGROUND**

1. On or about July 13, 2006, Defendant Rosa Rincon ("Rincon") was a passenger in a truck driven by her co-defendant Hector Silva ("Silva"). While traveling from Texas to Atlanta through the Middle District of Alabama, the vehicle was stopped by an Alabama State Trooper for a traffic violation. The traffic stop resulted in a search of the vehicle whereupon the officers discovered approximately 10 (ten) kilograms of cocaine in a cabinet in the bed of the truck.

2. Rincon and Silva were charged in a single indictment by a grand jury for the Middle District of Alabama on August 15, 2006. (Doc. # 30.) The indictment alleges that the defendants did knowingly and intentionally possess and possess with intent to distribute approximately 10 (ten) kilograms of cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1).

**II. RINCON'S MOTION IN LIMINE**

3. Rincon has filed a motion in limine regarding possible testimony as to her illegal presence in the United States. (Doc. # 42.) The motion seeks to prevent the admission of any evidence as

to her status. She submits that the evidence would be

(1) irrelevant, and therefore excludable under F.R.E. 402;

(2) to the extent that the evidence is relevant, it would be prejudicial and therefore excludable under F.R.E. 403; and,

(3) character evidence which does not fall within any exception, and therefore excludable under F.R.E. 608.

4. The United States seeks admission of Rincon's illegal status as evidence of motive under F.R.E. 404(b). That rule provides that "[E]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ."

### III. LEGAL STANDARD AND ANALYSIS

5. The United States Court of Appeals for the Eleventh Circuit has adopted a three-part test for evaluating the admissibility of evidence of uncharged misconduct under Rule 404(b). "First, the evidence must be relevant to an issue other than the defendant's character. Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act. Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." United States v. Giordano, 261 F.3d 1134, 1140 (11th Cir. 2001) quoting United States v. Miller, 959 F.2d 1535, 1538 (11th Cir.1992) (en banc).

6. The evidence of Rincon's illegal status is admissible if the United States "clearly articulate[s] how that evidence fits into a chain of logical inferences without adverting to a mere

propensity to commit crime now based on the commission of crime then." United States v. Cruz, 326 F.3d 392, 395 (3rd Cir. 2003) quoting United States v. Mastrangelo, 172 F.3d 288, 295 (3d Cir.1999). Rincon's illegal status is relevant to demonstrating her limited ability to secure legal employment, and consequently, her motivation to earn income that is usually undectectable by government authorities. The evidence that Rincon had severely limited employment opportunities is therefore probative of a material issue other than her character.

7. The second Rule 404(b) requirement for admissibility under F.R.E. 402, i.e., relevance, is met here because the evidence would be offered to show as an illegal alien Rincon needed a clandestine means to earn money, that was not subject to detection by government authorities.

8. The probative value of the evidence is not outweighed by the potential for prejudice in this instance. The public is well aware that it interacts with illegal aliens on a regular basis, and that most are hardworking people who are law-abiding, and devoted to improving their own lives and those of their families. The evidence of Rincon's status passes the balancing test in F.R.E. 403, and therefore meets the third requirement of admission under Rule 404(b).

9. As a final consideration, the United States Supreme Court has approved the use of a limiting instruction for the jury to consider F.R.E. 404(b) evidence only for the limited purposes for which it is admitted. Huddleston v. United States, 485 U.S. 681, 692, 108 S.Ct. 1496, 1502 (1988). As an extra precaution against prejudice to Rincon, this Court could caution the jury that evidence of her illegal status was admitted solely to show that her lawful employment options were less, therefore she might have an additional motive to engage in illegal activity to earn money.

10. This Court should admit evidence of Rincon's illegal alien status. Such evidence would not be submitted to prejudice the jury against her, but merely to demonstrate that her need to earn

undetectable income provided a motive for working as a drug courier. The United States has submitted that the use of this evidence satisfies the requirements of F.R.E. 404(b) as set forth in <u>United States v.Giordano</u>, <u>id</u>.

### III.  CONCLUSION

For the above reasons, Rincon's motion to exclude evidence of her status as an illegal alien should be denied.

Respectfully submitted this 29th day of September, 2006.

    Respectfully submitted,

    LEURA G. CANARY
    UNITED STATES ATTORNEY


    /s/ Terry F. Moorer
    TERRY F. MOORER
    Assistant United States Attorney
    Post Office Box 197
    Montgomery, Alabama 36101-0197
    (334) 223-7280
    (334) 223-7135 fax
    terry.moorer@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:06-cr-200-WHA-CSC |
| | ) | |
| ROSA RINCON | ) | |
| | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jay Lewis.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ Terry F. Moorer
TERRY F. MOORER
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
terry.moorer@usdoj.gov