IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs.   )<br>)<br>ROSA RINCON )<br>)<br>) | CASE NO. 2:06-cr-200-WHA-CSC |

**UNITED STATES' RESPONSE TO THIRD MOTION IN LIMINE**

COMES NOW the United States of America, by and through its attorney, Leura G. Canary, United States Attorney, and responds to Defendant/Movant Rosa Rincon's Third Motion in Limine as follows:

**I.  FACTUAL BACKGROUND**

1.  On or about July 13, 2006, Defendant Rosa Rincon ("Rincon") was a passenger in a truck driven by her co-defendant Hector Silva ("Silva"). While traveling from Texas to Atlanta through the Middle District of Alabama, the vehicle was stopped by an Alabama State Trooper for a traffic violation. The traffic stop resulted in a search of the vehicle whereupon the officers discovered approximately 10 (ten) kilograms of cocaine in a cabinet in the bed of the truck.

2.  Rincon and Silva were charged in a single indictment by a grand jury for the Middle District of Alabama on August 15, 2006. (Doc. # 30.) The indictment alleges that the defendants did knowingly and intentionally possess and possess with intent to distribute approximately 10 (ten) kilograms of cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1).

**II.  RINCON'S SECOND AND THIRD MOTIONS IN LIMINE**

3.  Rincon has filed two motions in limine regarding possible testimony by government agents at her trial. (Doc. # # 47, 48.) Each motion seeks to limit the range of evidence the United

States may present at trial. This response addresses the issues raised in both motions because of the similarity of content and issues.

4. Specifically, Rincon's Second Motion In Limine seeks to prevent the United States from introducing evidence that drug trafficking organizations do not employ "blind mules," i.e., persons who are unaware of the value of their cargo. Her defense is that she was unaware of the presence of the cocaine, and she submits that testimony concerning her knowledge would violate F.R.E. 704(b). F.R.E. 704(b) forbids an expert witness from stating an opinion as to whether a defendant "did or did not have the mental state or condition constituting an element of the crime charged . . . ."

5. Rincon's Third Motion In Limine seeks to prevent the United States from introducing evidence about the practices and characteristics of drug couriers. Rincon submits that such testimony would be overly prejudicial and tailored to portray her as a drug trafficker.

### III. LEGAL STANDARD AND ANALYSIS

6. The United States Court of Appeals for the Eleventh Circuit has ruled on whether the United States may present testimony on drug couriers' awareness of their cargo. In United States v. Alvarez, 837 F.2d 1024, 1031 (11th Cir. 1988), it held that a government agent's statement that the use of unwitting crew members in a drug-smuggling vessel would jeopardize the trafficking operation did not violate F.R.E. 704(b), even though it was testimony "with respect to the mental state or condition of a defendant" within the meaning of the rule. This was so because the agent/expert did not "directly embrace the ultimate question," i.e., expressly state a conclusion that the defendant did or did not have the requisite knowledge of the contraband. Although the testimony created the inference that the crew was aware of the contraband, he did not expressly "state the

inference," but instead left the inference for the jury to draw.

7. The Alvarez holding that an expert may give testimony from which a jury could conclude or infer a defendant's knowledge of contraband was cited in United States v. Richard, 969 F.2d 849, 855 (10th Cir. 1992), to support the holding that Rule 704(b) only commands an expert's silence "as to the last step in the inferential process - a conclusion as to the defendant's actual mental state." Richard, id. See also United States v. Lua, No. 99-10497, 2000 WL 1234618, at *1 (9th Cir. 2000)(Where the witness does not testify on the ultimate issue of knowledge of drugs, "[C]ourts do not abuse their discretion by admitting expert government 'testimony that drug traffickers do not entrust large quantities of drugs to unknowing transporters.'")

8. Finally, in United States v. Dulcio, 441 F.3d 1269, 1273 (11th Cir. 2006), the Eleventh Circuit acknowledged differing opinions over "whether the admission of expert testimony on knowledge of the presence of drugs is error in violation of Rule 704(b). After finding that the admission of such "expert" testimony was harmless error given other, unchallenged evidence in that case, the Court also ruled that the "lay opinion testimony" by agent/witnesses as to defendant's knowledge of contraband did not violate F.R.E. 704(b) because it only applied to experts' testimony. Id. at 1274. Thus, testimony offered by non-experts does not offend F.R.E. 704(b).

9. "[G]overnment agents or similar persons may testify as to the general practices of criminals to establish the defendants' modus operandi." United States v. Gil, 58 F.3d 1414, 1422 (9th Cir. 1995). "Such evidence helps the jury understand complex criminal activities, and alerts it to the possibility that combinations of seemingly innocuous events may indicate criminal behavior." Id. Likewise, in United States v. Garcia, 447 F.3d 1327, 1335 (11th Cir. 2006), the Eleventh Circuit held that testimony regarding the practices of drug traffickers "is precisely the type of testimony ...

[that could] help the jury understand how the conduct and evidence relating to the individual participants might further the goals and purposes of the drug trafficking organization." See also United States v. Hernandez, 418 F.3d 1206, 1208 (11th Cir. 2005) (crediting officer's observations of behaviors typical of drug couriers).

10. Rincon cannot use F.R.E. 704(b) to preclude expert testimony regarding the operation of drug trafficking organizations. The United States does not intend to adduce testimony which specifically addresses Rincon's state of mind during her journey from Texas - it will simply show that "blind mules" are not usually employed by drug trafficking organizations. The testimony will not "directly embrace the ultimate question" of whether Rincon was aware of the contraband, but will seek to show that, customarily, drug organizations inform couriers of their cargo as a method of protecting contraband from discovery and confiscation. Moreover, the Eleventh Circuit has definitively ruled that lay testimony on the very same subject is outside the scope of F.R.E. 704(b). Dulcio, id. at 1274.

11. Rincon's claim that testimony concerning the general practices of drug organizations would be unduly prejudicial to her case is also without merit. Testimony about the modus operandi of drug traffickers is crucial to a jury's understanding of why the trooper who stopped Silva's vehicle became concerned that he and Rincon were transporting drugs. As the Eleventh Circuit stated recently, this type of evidence helps the factfinder determine how "conduct and evidence relating to the individual participants might further the goals and purposes of the drug trafficking organization." Garcia, id.

12. Expert testimony related to the general practices of drug trafficking organizations would be admissible at Rincon's trial if such testimony does not "directly embrace the ultimate

4

question"of whether Rincon was aware of the contraband. <u>Alvarez</u>, <u>id</u>. More recently, it has held that lay opinion testimony of the same nature is not even covered by F.R.E. 704(b). <u>Dulcio</u>, <u>id</u>.

13.   Likewise, testimony as to the general practices of drug trafficking organizations would also be allowable at Rincon's trial. It is not unduly prejudicial and serves only to aid the factfinders "understand complex criminal activities." <u>Gil</u>, <u>id</u>. Any behaviors that Rincon shared with drug traffickers should be admitted into evidence, and weighed by the jury.

### III.  CONCLUSION

For the above reasons, Rincon's motions to limit testimony regarding the practices of drug trafficking organizations are without merit and should be denied.

Respectfully submitted this 29th day of September, 2006.

          Respectfully submitted,

          LEURA G. CANARY
          UNITED STATES ATTORNEY


          /s/ Terry F. Moorer
          TERRY F. MOORER
          Assistant United States Attorney
          Post Office Box 197
          Montgomery, Alabama 36101-0197
          (334) 223-7280
          (334) 223-7135 fax
          terry.moorer@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CASE NO. 2:06-cr-200-WHA-CSC |
| ) | |
| ROSA RINCON ) | |
| ) | |
| ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jay Lewis.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ Terry F. Moorer
TERRY F. MOORER
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
terry.moorer@usdoj.gov