IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:06cr200-WHA |
| | ) | (WO) |
| ROSA E. RINCON | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The defendant is charged with possession and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) as well as being an illegal alien in violation of 8 U.S.C. § 1325(a). Now pending before the court is defendant Rincon's motion to sever (doc. # 44) filed on September 22, 2006. Rincon contends that if the defendants' trials are severed, defendant Silva would testify on her behalf. The court heard oral argument on September 25, 2006, at which time the parties informed the court that a hearing on this matter was not necessary. Accordingly, upon careful consideration of the motion, briefs of the parties and oral argument, the court concludes that the motion to sever is due to be denied.

The general rule in this Circuit is that defendants who are jointly indicted should be tried together. *United States v. Cobb,* 185 F.3d 1193, 1197 (11th Cir. 1999). However, FED.R.CRIM.P. 14 provides in relevant part as follows:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

A severance becomes necessary if, without a severance, a defendant would be unable to receive a fair trial and she would suffer "compelling prejudice against which a trial court could offer no protection." *United States v. Freyre-Lazaro*, 3 F.3d 1496, 1501 (11th Cir. 1993) (quoting *United States v. Magdaniel-Mora*, 746 F.2d 715, 718 (11th Cir. 1984)). *See also United States v. Morales*, 868 F.2d 1562, 1571 (11th Cir. 1989). A defendant must demonstrate specific and compelling prejudice to justify severance. *Cobb*, 185 F.3d at 1197; *United States v. Meester*, 762 F.2d 867, 883 (11th Cir. 1985). The standard for determining compelling prejudice is whether the jury could compare and estimate the independent evidence against the defendant on each count and reach individual verdicts as to each count. *United States v. Pirolli*, 742 F.2d 1382, 1386 (11th Cir. 1984). *See also United States v. Silien*, 825 F.2d 320, 323 (11th Cir. 1987).

In this case, defendant Rincon premises her motion to sever on her need for her co-defendant's exculpatory testimony.

> Where a defendant argues for severance on the ground that it will permit the exculpatory testimony of a co-defendant, [s]he "must show: (1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the codefendant would indeed [] testif[y] at a separate trial." *United States v. Machado*, 804 F.2d 1537, 1544 (11th Cir. 1986); *see also United States v. Harris*, 908 F.2d 728, 739 (11th Cir. 1990); *United States v. Martinez*, 486 F.2d 15, 22 (5th Cir. 1973; *Byrd v. Wainwright*, 428 F.2d 1017, 1019-20 (5th Cir. 1970). Even if the defendant makes such a showing, the court must still "(1) examine the significance of the testimony in relation to the defendant's theory of the case; (2) assess the extent of prejudice caused by the absence of the testimony; (3) consider judicial administration and economy; and (4) give weight to the timeliness of the motion." *Machado*, 804 F.2d at 1544; *accord United States v. Harris*, 908 F.2d 728, 739 (11th Cir. 1990) (quoting *United States v. DeSimone*, 660 F.2d 532, 540 (5th Cir. 1981).

*Cobb*, 185 F.3d at 1197. *See also United States v. Baker*, 432 F.3d 1189, 1239 (11th Cir. 2005); *United States v. Novaton,* 271 F.3d 968, 989 (11th Cir. 2001); *United States v. Beale*, 921 F.2d 1412, 1428 (11th Cir. 1991).

In this case, the defendant "asserts that she would call Mr. Silva at a separate trial, that Mr. Silva would testify, and that the testimony would be substantially exculpatory. Ms. Rincon asserts that Mr. Silva would testify that there was no objective reason that Ms. Rincon would have known of the existence of any controlled substances in the bed of the vehicle." (Def.'s Mot. to Sever at p. 2). Defendant Rincon's bare, conclusory statements about what she believes her co-defendant would testify to at a separate trial is insufficient to meet her burden. She must present "specific and exonerative facts" to justify severance which she has not done. *See Novaton*, 271 F.3d at 990. This is not a case in which the co-defendant has proffered an affidavit detailing his proposed testimony. *See Novation, supra*; *United States v. Pepe*, 747 F.2d 632, 651 (11th Cir. 1984); *United States v. DeSimone*, 660 F.2d 532, 540 (5th Cir. Unit B 1981). Even if defendant Silva testified that "there was no objective reason that Ms. Rincon would have known of the existence of any controlled substances in the bed of the vehicle, " (Def.'s Mot. to Sever at p. 2), this single general denial is insufficient to weigh heavily in favor of severance. *See Baker*, 432 F.3d at 1240.

Furthermore, defendant Rincon has presented no facts that would establish that Silva would indeed testify at her trial. It appears clear to the court that the possibility of Silva's testimony would be entirely dependent on the timings of the trials.

3

In deciding whether to grant the motion to sever, the court must also weigh the prejudice caused by the absence of the testimony as well as the judicial economy associated with severance.[1] Defendant Rincon has provided the court with no factual support from which the court could determine if there exists prejudice sufficient to warrant separate trials. The mere "possibility" of prejudice is not enough. A defendant does not incur compelling prejudice merely because she may be acquitted if she is tried separately or because much of the trial evidence is applicable to her co-defendant. *United States v. Kabbaby*, 672 F.2d 857, 861-62 (11th Cir. 1982) (per curiam). Finally, the trial of these defendants is estimated to last two days so judicial administration and economy do not weigh heavily in favor of or against severance.

The defendant's burden is a heavy one and "one which mere conclusory allegations cannot carry." *United States v. Adams*, 1 F.3d 1566, 1578 (11th Cir. 1993). The court concludes that defendant Rincon has failed to meet her burden because she provides insufficient specific, exonerative facts to demonstrate that she is entitled to a severance.

Accordingly, for the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge that the motion to sever filed by defendant Rincon be DENIED. It is further

ORDERED that the parties shall file any objections to the this Recommendation on or before **November 7, 2006.** A party must specifically identify the findings in the

---

[1] The court must also consider the timeliness of the motion to sever. *See Cobb*, 185 F.3d at 1197. There is no dispute that the motion was timely.

Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done this 25th day of October, 2006.

　　　　　　　　　　　　　　　/s/Charles S. Coody
　　　　　　　　　　　　　　CHARLES S. COODY
　　　　　　　　　　　　　　CHIEF UNITED STATES MAGISTRATE JUDGE